# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Lisa Matthew, | Case No.: |
| Plaintiff, | Judge: |
| v. | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| Stellar Recovery, Inc, | |
| Defendant. | |
| | JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who at all times relevant to the claims set forth herein resided in Magnolia, Texas.

3. Defendant is a professional corporation that at all times relevant to the claims set forth herein maintained its principal place of business in Kalispell, Montana.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. At all times relevant to the claims set forth herein, Defendant sought to collect a debt from Plaintiff allegedly owed to Fortis Capital II, LLC.

6. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

1

9. On or around April 20, 2009, Defendant telephoned Plaintiff.

10. During this communication, Defendant falsely represented that Plaintiff would be sued and that Plaintiff's bank accounts would be frozen unless Plaintiff agreed to payment arrangements with Defendant.

11. As a result of Defendant's misrepresentations, Plaintiff agreed to a payment plan that she could not afford.

12. On or around April 21, 2009, Plaintiff telephoned Defendant.

13. During this communication, Plaintiff informed Defendant that she in fact could not afford to make payments as discussed.

14. During this communication, Defendant falsely represented that Plaintiff's account was already in the hands of Defendant's attorneys.

15. On or around April 27, 2009, Defendant telephoned Plaintiff and left voice message requesting that Plaintiff return Defendant's call.

16. On or around April 28, 2009, Defendant telephoned Plaintiff's place of employment and spoke to administration director Chelle Matthew ("Chelle"), who is also Plaintiff's mother.

17. During this communication, Defendant requested the physical address at Plaintiff's place of employment, which Chelle provided.

18. On or around May 4, 2009, Defendant telephoned Plaintiff and left a voice message requesting that Plaintiff return Defendant's call.

19. On or around May 7, 2009, Defendant telephoned Plaintiff and left a voice message requesting that Plaintiff return Defendant's call.

20. On or around May 12, 2009, Defendant telephoned Plaintiff and left a voice message requesting that Plaintiff return Defendant's call.

21. Between July 2009 and September 2009, Defendant telephoned Plaintiff's place of employment on numerous occasions in an effort to collect the debt.

22. During several of these communications, the receptionist at Plaintiff's place of employment ("Mindi") answered the telephone and informed Defendant that Plaintiff was not permitted to receive Defendant's telephone calls at work, but Defendant repeatedly ignored these notices and continued to call Plaintiff's place of employment in an effort to collect the debt.

23. On or around August 4, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Chelle.

24. At the time of this communication, Defendant already had Plaintiff's location information.

25. During this communication, Defendant requested that Chelle verify Plaintiff's employment information.

26. During this communication, Chelle notified Defendant that Chelle could not disclose any information without Plaintiff's consent.

27. During this communication, Defendant falsely represented that Defendant did not need Plaintiff's consent because Defendant was calling in regards to a legal matter pending against Plaintiff.

28. During this communication, Defendant falsely represented that Defendant would serve Plaintiff's employer with court documents to compel the information that Defendant requested if Chelle did not provide it willingly.

29. On or around August 12, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Mindi.

30. During this communication, Defendant asked to speak to Plaintiff.

31. During this communication, Mindi again notified Defendant that Plaintiff was not permitted to receive Defendant's phone calls at work and Defendant responded by asking to speak to the human resources department instead.

32. During this communication, Mindi transferred Defendant to Chelle and Defendant again asked Chelle to verify Plaintiff's employment information.

33. During this communication, Defendant claimed that Defendant had a case pending against Plaintiff.

34. During this communication, Defendant asked Chelle if Plaintiff was currently being garnished.

35. At the time of this communication, Defendant already had Plaintiff's location information.

36. On or around August 14, 2009, Defendant telephoned Plaintiff's grandmother's residence in order to collect the debt.

37. At the time of this communication, Defendant already had Plaintiff's location information.

38. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

39. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

50. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

51. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

54. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

55. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

57. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: <u>s/ Timothy J. Sostrin</u>
    Timothy J. Sostrin, attorney-in-charge
    IL Bar # 6290807
    SD Texas Bar # 980881
    233 S. Wacker Drive, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff